# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

Eastern District of Kentucky
FILED

JAN 3 0 2019

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**CRIMINAL ACTION NO. 5:18CR27-DCR**

**UNITED STATES OF AMERICA**                                   **PLAINTIFF**

V.                                    **PLEA AGREEMENT**

**DIONTRE LAWAYNE DAVIS**                                   **DEFENDANT**

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the sole count of the Indictment, charging a violation of 18 U.S.C. § 875(c), threatening communications.

2. The essential elements of the sole count are:

    (a) That the defendant knowingly transmitted a communication containing a threat to injure the person of another.

    (b) That the communication was sent in interstate commerce.

3. As to the sole count of the Indictment, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a)     Beginning in August 2016 and continuing through October 2016, J.T., a student at the University of Kentucky, in the Eastern District of Kentucky, began to receive threatening messages through various Twitter accounts.   J.T. notified the University of Kentucky Police of the threats and they began an investigation.

    (b)     Officers with the University of Kentucky Police Department obtained information from Twitter regarding the accounts being used to post the threatening

messages.  Officers were able to determine that Diontre Lawayne Davis posted multiple Twitter communications.

      (c)    Officers made contact with Davis at his home in Texas.  Davis admitted to posting the messages from Texas.

      (d)    The Twitter communications posted by Davis contained multiple threats of bodily injury to J.T.  The Twitter posts were transmitted through interstate commerce.

      (e)  On November 27, 2017, Davis travelled to the University of Kentucky and entered a classroom building asking for JT.  Davis was in possession of a concealed firearm.

4.  The statutory punishment for the sole count of the Indictment is imprisonment for not more than 5 years, a fine of not more than $ 250,000, and a term of supervised release of not more than 3 years.  A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5.  Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations.  This recommendation does not bind the Court.

      (a)  United States Sentencing Guidelines (U.S.S.G.), November 1, 2018, manual, will determine the Defendant's guidelines range.

      (b)  Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the facts listed in paragraph 3 and the discovery materials.

      (c)  Pursuant to U.S.S.G. § 2A6.1(a)(1), the base offense level is 12.

      (d)  Pursuant to U.S.S.G. § 2A6.1(b)(2), increase the offense level by 2 levels because of the offense involved more than two threats.

(e) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant=s timely notice of intent to plead guilty.

6.     It is the position of the United States that pursuant to U.S.S.G. § 2A6.1(b)(1) the offense level is  increased by  6 levels because of conduct evidencing intent to carry out a threat.   The defendant reserves the right to argue that this specific offense characteristic does not apply.

7.     No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8.     The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

9.     The Defendant waives the right to appeal the guilty plea and conviction.  The Defendant waives the right to appeal any determination made by the Court at sentencing with the sole exception that the Defendant may appeal any aspect of the sentence if the length of the term of imprisonment exceeds the advisory sentencing guidelines range as determined by the Court at sentencing.  Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

10.    The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure.  Within 30 days of pleading

3

guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

11.    The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available

to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

12.     If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

13.     This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

14.     This Agreement does not bind the United States Attorney=s Offices in other districts, or any other federal, state, or local prosecuting authorities.

15.     The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant=s entry into this Agreement is voluntary.

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

Date: Jan. 30, 2019     By: _____
                             Cynthia T. Rieker
                             Assistant United States Attorney


Date: 1/9/19            _____
                             Diontre Lawayne Davis
                             Defendant


Date: 1/9/19            _____
                             Chris Spedding
                             Attorney for Defendant

6