UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION - LEXINGTON
CRIMINAL ACTION NO. 18-CR-27-DCR
*Filed Electronically*

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.

DIONTRE LAWAYNE DAVIS                                                                 DEFENDANT

**SENTENCING MEMORANDUM**

Comes the Defendant, Diontre Lawayne Davis, by and through counsel, and submits the following Sentencing Memorandum for the Court to consider in determining the appropriate sentence in this case. Pursuant to 18 U.S.C. § 3553 (a), the Court shall impose a sentence sufficient but not greater than necessary to comply with the purpose of the statute.

**INTRODUCTION**

The Defendant comes before the Court for sentencing after pleading guilty to threatening communications in violation of 18 U.S.C. § 875 (c). The charge arose after a student at the University of Kentucky reported threatening texts from the Defendant. An investigation was initiated, and Defendant admitted to the communications. On a later date, Defendant was detained at the University while seeking the student and found to be carrying a concealed weapon. Defendant has made numerous claims he had no intention of hurting anyone. Additionally, many of the Defendant's friends and family firmly convey this behavior is completely out of character for the Defendant (See Character Letters collectively attached as Exhibit A). It is clear his actions

stemmed from untreated mental health issues. As the court well knows, mental disorders, if left untreated, can often lead to criminal activity, as appears to be the case in the instant matter.

Defendant has admitted before the Court his actions and taken responsibility for his crimes. After being arrested and charged with the offense, Defendant admitted to the communications and his travel to the University of Kentucky.

## NATURE AND CIRCUMSTANCE OF THE OFFENSE
## AND HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Defendant Davis was born in Fort Campbell, Kentucky, and raised primarily in Clarksville, Tennessee as both parents were in the military and based at Fort Campbell. His parents divorced when he was 12 and he split equal amounts of time with each until an altercation with his mother, which predicated his permanent move with his father. He graduated from Northeast High School in Clarksville, Tennessee, in 2012. He attended college in both Tennessee and Texas but did not obtain a degree. His mental health symptoms appeared to emerge around 2015. Additionally, at that time he began to self-medicate with alcohol. Defendant admits alcohol became a problem for him and reports he was under the influence during the events leading to his arrest and charges. Further, due to his emerging mental health troubles, including delusions, he reports a skewed narrative in which he believes he was being watched and followed, which escalated his erratic and threatening behavior.

While incarcerated he has been assessed and diagnosed with an array of mental health disorders (See Evaluation attached as Exhibit B). Defendant has never sought therapy or any other treatment for his conditions. There is no doubt Defendant has mental health issues and an alcohol abuse problem. He is in dire need of intensive treatment. He understands the importance of same and is willing to do whatever is necessary to address his problems.

Defendant Davis understands his financial responsibilities upon his release. He states he has worked odd jobs most of his adult life but has always maintained employment. Upon his release he plans to obtain a job in the Fort Worth, Texas area near his father and ultimately would like to own his own business.

Defendant's criminal history speaks for itself and in fact is nearly nonexistent save an arrest in 2013 where charges were ultimately dismissed. His criminal history results in a Criminal History category I. Further, while the probation officer sets forth in Part E of the presentence report that there are factors that may warrant an upward departure, quite frankly, an upward departure could be seen as overstating Davis' actions. As stated above, Defendant has no history of violence, criminal or threatening behavior. It was not until 2015 when he began showing symptoms of mental health disorders and alcohol abuse, that he exhibited any of the behaviors which led to this offense.

## SENTENCING OPTIONS

Defendant's guideline range in this case is 37-46 months. However, Defendant has objected to the six (6) point increase under specific offense characteristics. To apply this increase there must be evidence of an intent to carry out a threat. This is simply not true in this case. While Defendant admits to possession of the firearm, he and his father both adamantly agree that it was given to the Defendant by his father as a means of protection during his interstate travels. Defendant has accepted responsibility for his actions. He plans to obtain a job upon release and return to his father's home where he has the support of his family. All of these anticipated actions to serve as a productive member of society upon release should be considered when deciding his sentence. When crafting an appropriate sentence in this case, Defendant Davis requests this Court

sentence him to a period within the Guideline range for a total offense level of 15 and order that the federal sentence run concurrent with any state sentence he may receive.

                                                          Respectfully Submitted,

                                                          /s/Christopher A. Spedding
                                                          Christopher A. Spedding
                                                          271 W Short St., Suite 100
                                                          Lexington, KY 40507
                                                          859-255-0050
                                                          Fax: 859-554-2528
                                                          Email: chris@speddinglawoffice.com

                                           **Certificate of Service:**

      I hereby certify on April 26, 2019, I electronically filed the foregoing notice with the clerk of the Court by using the CM/ECF system, which will send notice to counsel of record as appropriate.

                                                           /s/Christopher A. Spedding
                                                          Christopher A. Spedding