UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 18-027-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DIONTRE LAWAYNE DAVIS, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Defendant Diontre Davis pleaded guilty to one count of making threatening communications in violation of 18 U.S.C. § 875(c) and was sentenced to 46 months' imprisonment. [Record No. 52] The Court has received correspondence from Davis asking the Court to provide a copy of his presentence investigation report ("PSR") to an advocacy organization called Jail Time Consulting. [Record No. 54]

As an initial matter, it is unclear that this Court retains authority to release the PSR, as it is in the custody of the United States Probation Office. *In re Siler*, 571 F.3d 604, 609 (6th Cir. 2009). Regardless, Rule 32 of the Federal Rules of Criminal Procedure, which governs disclosure of PSRs, does not provide for disclosure to third parties. Fed. R. Crim. P. 32(e), (g). Although Defendant Davis makes the request, he asks that the report be provided directly to a third-party who was not involved in this litigation. Courts have been very reluctant to disclose PSRs to third parties absent some special need. *See U.S. Dep't of Justice v. Julian*, 486 U.S. 1, 12-13 (1988). Davis only reports that Jail Time Consulting requires a copy of his

PSR so that they may "complete [his] work." This does not constitute a special need for disclosing the PSR to a third party. Accordingly, it is hereby

**ORDERED** that Davis' request for disclosure of his PSR to Jail Time Consulting [Record No. 54] is **DENIED**.

Dated: October 21, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky